IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. WALSH | : | CIVIL ACTION |
| v. | : | |
| CONSOLIDATED DESIGN & ENGINEERING, INC. | : | No. 05-2001 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                                                                         August 18, 2008

      This case has a long and complicated history. It started when two partners ousted a third. As a result he sued them and their lawyers, later settled with them and assigned his claims against the lawyers to his former partners. Meanwhile, the remaining partners crossclaimed against their attorneys- by then their former attorneys- charging contribution and indemnity, legal malpractice, and a breach of fiduciary duty, hiring their former partner's attorneys to do so.

      Now the original defendants, Rick Kolb, Steven Valeriano, and Consolidated Design & Engineering, Inc., ("Consolidated Defendants") seek reconsideration of my September 28, 2007 order which dismissed the malpractice claim (Count XII) of the original complaint filed by their former partner, William Walsh, but left his fraud and civil conspiracy claims (Counts XI and XIII), and dismissed their crossclaims for contribution and indemnity (Count I), malpractice (Count II), and breach of fiduciary duty (Count III).

      Consolidated Defendants, proceeding as assignees of Walsh's interests and on their own behalf, now wish to withdraw the conspiracy claim in Count XIII and have me reinstate Counts I, II, and III of their cross-claim. For the reasons that follow, I will reinstate Count I of the

1

crossclaim, substitute Consolidated Defendants in Walsh's place as the plaintiffs, and dismiss this action for lack of subject matter jurisdiction.

The facts and procedural history were explained at length in my September 28, 2007 opinion and I do not repeat them here. Since that opinion, I granted the motion to disqualify Meyerson and O'Neill from representing Consolidated Defendants. *Order of Jan. 15, 2008 (Dkt. No. 140)*. Consolidated Defendants have obtained new counsel and Walsh continues to be represented by Meyerson and O'Neill.

I.  Motion for Reconsideration

The Third Circuit has set a high bar for success on a motion for reconsideration. "'The purpose of a motion for reconsideration,' we have held, 'is to correct manifest errors of law or fact or to present newly discovered evidence.' Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(internal citations omitted).

The Consolidated Defendants initially suggested their motion was based on a change in the law by discussing proposed amendments to the Pennsylvania certificate of merit rules. It was those rules that lead to my dismissal of Count XII of the complaint and the crossclaims. The proposed amendments have since been adopted and the Consolidated Defendants provided a supplement to their memorandum stating that "these Rule changes seek to prevent exactly what occurred [here]." The amended rules now require a defendant to file a notice of intention to seek

judgment of non pros, allow entry of non pros only where no certificate of merit has been filed, and allow a plaintiff to file a motion seeking a determination by the court as to the necessity of filing a certificate of merit.  However, the Supreme Court specifically stated in its June 16, 2008 order: "The new and amended rules shall apply to all pending actions in which a judgment of non pros for failure to file a certificate of merit has not been entered by the effective date."  Thus, the amended rules do not warrant reconsideration of my previous decision.

    The Consolidated Defendants do not argue any new evidence has become available.  Therefore, they must show the need to correct a clear error of law resulting in a manifest injustice.  To do so, they must "persuade [the court] not only that [its] prior decision was wrong, but that it was clearly wrong and that adherence to that decision would create manifest injustice." *In re City of Phila. Litig.*, 158 F.3d 711, 720-21 (3d Cir. 1998).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

    The Consolidated Defendants argue that dismissal is a clear error of law because had the action proceeded in state court they would have been permitted to re-file their complaint within the statute of limitations, and because the statute expired before my September 28, 2007 ruling, they cannot re-file in federal court.  They state, "it is manifestly unfair to dismiss the crossclaims without prejudice and then preclude reinstatement of the crossclaims where the statute of limitations had not run as of the date of the filing for the Attorney Defendants' motion to dismiss on April 16, 2007."

    Since my order dismissing the claims for failure to file a certificate of merit, other district court judges have addressed similar factual circumstances and reached holdings which support

my own.  In *Hanson v. Thakur,* 2008 U.S. Dist. LEXIS 12843 (E.D. Pa. Feb. 20, 2008), the alleged act of negligence occurred on December 13, 2005, the motion to dismiss for failure to file a certificate of merit was filed on February 5, 2008, and the motion was granted on February 20, 2008.  Despite the fact that the statute of limitations had run, Chief Judge Bartle nonetheless dismissed the negligence claims without prejudice.  In discussing the impact of a non pros judgment as one which is equivalent to dismissal without prejudice, Chief Bartle, consistent with the holding in *Scaramuzza v. Sciolla*, 345 F. Supp. 2d 508, 511 n.6 (E.D. Pa. 2004), which I cited in my opinion, noted that  "[a] plaintiff can seek to lift the judgment under Rule 3051, or can simply re-file *if the appropriate statute of limitations has not expired*."

The Middle District of Pennsylvania recently dismissed a claim for failure to file a certificate of merit stating that "we must do so even though dismissal without prejudice might nonetheless, in effect, be dismissal on the merits as the statute of limitations may bar the claims if Plaintiff attempts to re-file."  *Henderson v. Pollack*, 2008 U.S. Dist. LEXIS 7218, *13 (M.D. Pa. Jan. 31, 2008).  The court noted the two-year statute of limitations and the date the plaintiff discovered the tortious conduct and stated the deadline might have been November 7, 2007.  The motion to dismiss for failure to file a certificate of merit was filed on October 3, 2007, before the limitations deadline, and the opinion noting the potential dispositive effect of the dismissal was not issued until January 31, 2008, after the statute of limitations had run.

In my initial opinion, I rejected the Consolidated Defendants argument that the statute of limitations must be tolled to the date on which they filed the certificates of merit.  "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of.'" *Warren v. Baker*, 2007 U.S. Dist. LEXIS 76683, *10 (M.D. Pa. October 16, 2007) (quoting *Waye*

*v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 (M.D. Pa. 1994). "Dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *Rothman v. Specialty Care Network, Inc.*, 2000 U.S. Dist. LEXIS 14371, *5 (E.D. Pa. Oct. 3, 2000).

Further, not only do the Consolidated Defendants fail to raise new legal issues, they fail to cite a single case to support their position that the statute of limitations must be tolled. "Judges are not like pigs, hunting for truffles buried in briefs . . . [A] litigant who fails to press a point by supporting it with authority or by showing why it is a good point despite a lack of authority . . . forfeits the point." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999) (internal quotations omitted).

Dismissal of these claims is a harsh penalty as the Consolidated Defendants did file their certificates of merit before the statute of limitations had run, albeit untimely and only after the filing of a motion to dismiss. However, I am constrained to follow state law which would lead to the same dismissal. If this complaint had been filed in state court and the plaintiff or cross-claimants simply had filed certificates of merit on the same day as a motion for non pros, the state court equivalent of a motion to dismiss, prior to June 16, 2008, the effective date of the new rules on certificates of merit, a non pros would have been entered. As a result, the case would have been dismissed, and the only way to reinstate the case would have been to 1) re-file before the statute of limitations expired, or 2) seek reconsideration on equitable grounds. The same is true here. Instead of just filing the certificates of merit, Consolidated Defendants could have protected their claim from the statute of limitations by filing a motion to amend the complaint.[1]

---

[1] It is possible that Consolidated Defendants could have preserved their claim by responding to the motion to dismiss before the statute had run, thereby leaving the issue ripe for consideration prior to the statute of limitations expiring. However, Consolidated Defendants did not file their response to the motion to dismiss until May 7, 2007,

My previous decision that the statute of limitations began to run on April 27, 2005, barring the refiling of all but Count I of the crossclaims remains. Because the statute of limitation for a claim of contribution and indemnity is six years, I will grant the motion to reinstate Count I, but I will deny the motion to reinstate Counts II and III.

II.  Motion to Amend the Complaint

Consolidated Defendants move to amend the complaint to withdraw Count XIII and to show their substitution for the plaintiff by combining their assigned claims and crossclaims against Peter Schuchman, Jr., Esq., Lisa Thompson, Esq., and their firm Kozloff Stoudt ("Attorney Defendants"). The Attorney Defendants argue that the Consolidated Defendants may not amend the plaintiff's pleadings, and alternatively that, to the extent the Consolidated Defendants are assignees of Walsh, the complaint should be dismissed for lack of subject matter jurisdiction. I find that Consolidated Defendants should be substituted for the plaintiff and permitted to amend the complaint, but I will dismiss this action for lack of subject matter jurisdiction because the substitution destroys diversity.

Consolidated Defendants had previously suggested that they be substituted for the plaintiff under Rule 25(c) because Walsh assigned his interest in all claims against the Attorney Defendants to Consolidated Defendants. *Consolidated Defs' Resp. and Sur-Reply, Dkt. 115 and 117*; *Stipulation Letter, Dec. 14, 2005*. At that time, Walsh's interests in this litigation were not clear because he was still represented by the same attorneys who also by then represented Consolidated Defendants, and a motion to disqualify those attorneys from representing

---

as a result of their own request for an extension, which was well after the statute of limitations had run.

Consolidated Defendants was pending. To further complicate matters, Walsh sent two unsolicited letters to the court regarding his settlement agreement and representation. *See Dkt. Nos. 132 and 133*. I have since granted the motion and disqualified Walsh's counsel from representing Consolidated Defendants and there has been no further communication from Walsh since his November 8, 2007 letter. Therefore, as I am now confident that Walsh no longer has an interest in any legal claim against the Attorney Defendants, I will substitute Consolidated Defendants pursuant to Rule 25(c) and they may assert their own claims against the Attorney Defendants as well as their claims as assignees.

The original complaint was filed by Walsh, a citizen of New Jersey, against the Consolidated Defendants and Attorney Defendants, all citizens of Pennsylvania, and jurisdiction was based on diversity of citizenship.[2] The substitution of Consolidated Defendants and the corresponding dismissal of Walsh results in all parties sharing the same Pennsylvania citizenship.

Attorney Defendants argue that the assignment and substitution destroys federal jurisdiction. Interestingly, although Walsh's original complaint contains a section entitled "Jurisdiction" Consolidated Defendants' proposed amended complaint omits this section and is void of any statement addressing federal jurisdiction. Nonetheless, Consolidated Defendants argue that federal jurisdiction was established at the commencement of the action and remains despite the assignment and substitution of a non-diverse party.

The question before me is whether federal jurisdiction exists where: 1) a plaintiff from New Jersey sues two separate defendants from Pennsylvania; 2) the plaintiff assigns his rights

---

[2] Walsh also claimed jurisdiction under the Age Discrimination in Employment Act, but his age discrimination claim was dismissed.

against one defendant to the other defendant; and 3) the Pennsylvania assignee is substituted for the New Jersey assignor against the remaining Pennsylvania defendant.  In other words, where the only diverse party is *removed* from the case, does diversity subject matter jurisdiction survive?

Consolidated Defendants argue that the Supreme Court case of *Freeport-McMoRan v. K N Energy*, 498 U.S. 426 (1991), established an absolute rule that diversity jurisdiction is determined at the time the action is commenced and is not defeated by subsequent events.  I disagree and find that *Freeport* stands for a more limited proposition.

In *Freeport*, jurisdiction was based on diversity between the original two plaintiffs, McMoRan and Freeport, and the original defendant, K N Energy.  After the plaintiffs sued for breach of contract McMoRan transferred its rights to FMP Operating Company ("FMPO") "for business reasons unrelated to the instant litigation."  *Id.* at 427.  While McMoRan and Freeport were diverse from K N Energy, FMPO was not.

Before trial, the plaintiffs sought to substitute FMPO as a plaintiff under Rule 25(c) and the District Court added FMPO as a party, but did not remove McMoRan.  The Court of Appeals held that jurisdiction was destroyed by the addition of the non-diverse plaintiff, but the Supreme Court disagreed.

Consolidated Defendants correctly quote the Supreme Court as holding that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." However, *Freeport* must be read in the context of its factual circumstances and the holding is not

so broad as to include the circumstances of this case.[3]

First, *Freeport* addressed a case where a non-diverse party was *added* and the original diverse party remained. Second, the Court specifically noted that the assignment of interest to FMPO was "for business purposes unrelated to the instant litigation," FMPO had no interest whatsoever in the outcome of the litigation until well after the lawsuit began, and FMPO was not an indispensable party at the time the complaint was filed. Further, in holding that the *addition* of a nondiverse party did not destroy jurisdiction, the Court cautioned that "[a] contrary rule could well have the effect of deterring normal business transactions during the pendency of what might be lengthy litigation." *Id.* at 428.

Here, the only diverse party is removed from the action leaving all remaining parties with identical citizenship. No independent business transaction was affected by Walsh's assigning his claims against the Attorney Defendants to the Consolidated Defendants for the purposes of settling his claim against Consolidated Defendants. From the moment this lawsuit was filed, Consolidated Defendants have been indispensable parties with a direct interest in the outcome of the litigation. Consolidated Defendants' direct interest in this litigation combined with the *removal* of the diverse party, not the *addition* of a non-diverse party, distinguish this case from the facts in *Freeport*.[4]

---

[3] Many other courts have similarly limited the holding in *Freeport* rather than to broadly apply the proposition that diversity jurisdiction cannot be destroyed by any subsequent event. *See e.g.*, *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp*, 362 F.3d 136 (1st Cir. 2004) (refusing to read the *Freeport* holding "in a vacuum" and limiting the holding that where a non-diverse defendant was added via amending the complaint, diversity jurisdiction was destroyed); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998)("*Freeport*" does not stand for the proposition that *all* additions of nondiverse parties are permissible as long as complete diversity existed at the time of commencement of the lawsuit.").

[4] I am aware that at least one other court has interpreted *Freeport* differently and permitted federal jurisdiction after an assignment resulted in realignment of the parties and an absence of diversity. In *City of*

The substitution of Consolidated Defendants results in the removal of the only diverse party to this lawsuit. Because this claim currently involves Pennsylvania plaintiffs suing Pennsylvania defendants, diversity can no longer form the basis of jurisdiction and the action must be dismissed.

An appropriate order follows.

---

*Sherwood v. Gonzales Boring & Tunneling, Inc.*, 2001 U.S. Dist. LEXIS 19650 (D. Or. Oct. 1, 2001), after the city settled with a general contractor and its insurer, it was assigned all claims against the subcontractor and moved to be substituted as the plaintiff and to amend the complaint to state its claims against the subcontractor. The city and the subcontractor were both from Oregon but the court held that diversity subject matter jurisdiction was not destroyed. The District Court of Oregon's interpreted *Freeport* "to stand for the proposition that, if diversity of citizenship existed when a lawsuit commenced, the fact that a party later assigned its cause of action to a nondiverse party does not divest the court of jurisdiction once it properly attached." *Id.* at *4-5. I disagree and find that interpretation overly broad for the reasons stated above.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. WALSH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CONSOLIDATED DESIGN & | : | No. 05-2001 |
| ENGINEERING, INC. | : | |

## ORDER

AND NOW, this 18th day of August, 2008, IT IS HEREBY ORDERED that:

1. Consolidated Defendants' motion to reinstate the crossclaims (Dkt. 124) is GRANTED as to Count I and DENIED as to Counts II and III.

2. Consolidated Defendants are substituted for the plaintiff pursuant to Rule 25(c).

IT IS FURTHER ORDERED that having substituted Consolidated Defendants for plaintiff, diversity is destroyed and the complaint is DISMISSED for lack of subject matter jurisdiction. Consolidated Defendants' motion to withdraw Count XIII of the complaint (Dkt. 124) is no longer before me.

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., S.J.